**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

Civil Action Number:

ANDRES GOMEZ, On His Own Behalf, and On
Behalf of All Other Individuals Similarly Situated

      Plaintiffs,
vs.

BURLINGTON COAT FACTORY DIRECT CORPORATION

      Defendant

**COMPLAINT – CLASS ACTION**

Plaintiff Andres Gomez, on his own behalf and on behalf of all Other Individuals Similarly Situated, hereby sue Defendant Burlington Coat Factory Direct Corporation for civil rights violations and for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§12181-12189 ("ADA"), 28 C.F.R. Part 36, and allege as follows:

**INTRODUCTION**

1. This is an action to put an end to Title III violations committed by Defendant Burlington Coat Factory Direct Corporation (also referenced herein as "Defendant" or "Burlington Coat Factory") against individuals with disabilities who are visually impaired and who cannot access and comprehend the internet and the websites that operate therein without the aid of assistive technology and screen reader software.

2. For many individuals with disabilities who are limited in their ability to travel outside their home, the internet is one of the few available means of access to the

1

goods and services in our society. The broad mandate of the ADA to provide an equal opportunity for individuals with disabilities to participate in and benefit from all aspects of American civic and economic life.

3. Defendant Burlington Coat Factory Direct Corporation maintains an internet website http://www.burlingtoncoatfactory.com ("website") which is available to the general public. As such it has subjected itself to the Americans With Disabilities Act ("ADA").

4. The Defendant's website is offered as a tool to provide the general public information including but not limited to: information on the various locations of Defendant retail stores ("Burlington Coat Factory" brand stores) throughout the United States. The Defendant's Burlington Coat Factory (brand) stores are places of public accommodation.

5. The main functionality of the Defendant's website is to showcase and sell via mail-order consumer products such as men's/women's/children's clothing, shoes, clothing accessories, home goods, and toys. Because the website displays and has all the functionality to sell its inventory (order, take money for purchase, and ship the goods) to the general public, the website is itself a place of public accommodation. As such the website must comply with the ADA, which means they must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the goods and services afforded to the general public.

6. Since each of the Defendant's Burlington Coat Factory (brand) stores are places of public accommodation and since the Defendant's website is itself a place of public accommodation, the Defendant's website must comply with the ADA, which

means it must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the services afforded to the general public.

7. The Defendant's website does not provide screen reader software or other means to accommodate the visually impaired, nor does it interface with screen reader software in order that visually impaired individuals can comprehend the website.

8. The Defendant's website has numerous programing errors that make it impossible for the visual impaired too use screen reader software to utilize the website.

## JURISDICTION & VENUE

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), 28 U.S.C. § 1331, and 28 C.F.R. § 36.201.

2. This is also an action for declaratory and injunctive relief to prevent discrimination which includes equal access to internet website for services to locate the Burlington Coat Factory (brand) stores and to shop for, purchase and order (for home delivery) the Defendant's inventory of men's/women's/children's clothing, shoes, clothing accessories, home goods, and toys.

3. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) because lead Plaintiff Andres Gomez resides in this district, the Defendant transacts business in this district, and the acts constituting the violation of the ADA occurred within this district.

4. Plaintiff (for himself and for others similarly situated) seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

### Andres Gomez

5. Plaintiff Andres Gomez ("Plaintiff Gomez") is a resident of the state of Florida and resides within the Southern judicial district, is *sui juris*, is disabled as defined by the ADA and the Rehabilitation Act.

6. Plaintiff Gomez suffers from what constitutes a "qualified disability" under the ADA. Plaintiff Gomez is legally blind, and therefore is substantially limited in performing one or more major life activities, including but not limited to accurately visualizing his world, adequately traversing obstacles and walking without assistance. The Plaintiff's disability is defined in 42 U.S.C. §12012 (1)(A) and in 42 U.S.C. 3602, §802(h).

7. Plaintiff Gomez is a customer of department stores such as Defendant's Burlington Coat Factory brand stores and is a customer of purchasing clothing, accessories, shoes, home goods, and toys online through internet sites such as the Defendant's website.

8. Plaintiff Gomez frequently utilizes the internet. In order to comprehend information available on the internet and access/comprehend websites, Plaintiff Gomez uses commercially available screen reader software to interface with the various websites.

9. In order to comprehend the Defendant's website (¶¶s 3 - 5) and to become informed of the Defendant's Burlington Coat Factory brand store locations and to become aware of the clothing, accessories, shoes, home goods and toy inventory which the Defendant offers for online purchase, Plaintiff Gomez must use screen reader software.

**Other Plaintiffs Similarly Situated**

10. Other plaintiffs similarly situated to Plaintiff are qualified individuals with disabilities under, and as defined by, the ADA.

11. Other plaintiffs are also similarly situated to Plaintiff by virtue of the fact that they are disabled with visual impairments and require screen reader software (which is commercially available) in order to comprehend the Defendant's website to become informed of the Defendant's clothing and purchase options which other plaintiffs may order online.

**Burlington Coat Factory Direct Corporation**

12. Defendant Burlington Coat Factory Direct Corporation ("Defendant") is the owner and operator of the internet website http://www.burlingtoncoatfactory.com ("website").

13. Defendant Burlington Coat Factory Direct Corporation is a New Jersey corporation authorized to transact business the State of Florida as a foreign corporation. The Defendant is a subsidiary of Burlington Coat Factory Warehouse Corporation, which is traded on the NYSE. as Burlington Coat Factory of Florida, LLC, and is hereinafter referenced as "Defendant." Defendant is authorized to conduct, and is conducting, business within the State of Florida and within the jurisdiction of this court.

14. The Defendant's parent company owns and/or operate chain of clothing stores known as Burlington Coat Factory. The Burlington Coat Factory retail store locations number over 550 throughout the United States and Puerto Rico. Each retail store location averages 80,000 square feet, and each offers off-price current, brand-name

5

clothing, shoe accessory, toy, and home-good items, which are substantially similar to the inventory offered on the Defendant's website.

## FACTS

15. The Defendant is defined as a "public accommodation" because it is an entity which owns and operates a "Place of Public Accommodation," 42 U.S.C. § 12181(7)(E) and 28 C.F.R. § 36.104. (2) or "[P]laces of public accommodation," "[A] bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment."

16. The Defendant owns, operates, and controls an internet website known as www.BurlingtonCoatFactory.com ("website" or "Defendant's website") in which the general public may view the inventory and order online. Therefore, according to 42 U.S.C. § 12181(7)(E), the Defendant's website is itself a "Place of Public Accommodation" and the website is subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. Part 36.

17. The website is a place of public accommodation, as the website allows the general public access the Defendant's inventory of clothing, accessories, shoes, home goods and toys. Further, the website offers the ability to order said consumer inventory online in a substantially similar way as if an individual were to purchase the Defendant's inventory of clothing, accessories, shoes, home goods and toys from one of the many[1] physical store locations of the Defendant's related retail store corporations. As such, the website is a store, which is a public accommodation; 42 U.S.C. §12181(7)(E).

18. Under the ADA, all places of public accommodation must ensure that

---

[1] over 550 physical store locations

disabled individuals enjoy full and equal enjoyment of its goods and services by making reasonable modifications to its services.

19. Under the ADA, Public Accommodations that utilize the Internet for communications regarding their programs, goods or services, must offer those communications through adequate accessible means.

20. The Defendant's website allows the general public (consumer) to efficiently, privately, and conveniently view, order and direct shipment of purchases of its inventory of clothing, accessories, shoes, home goods and toys.

21. The Plaintiff utilizes JAWS Screen Reader software (hereinafter referenced as "screen reader software"), which is the most popular screen reader software utilized worldwide. Screen reader software allows individuals who are visually impaired (such as the Plaintiff) to comprehend information available on the internet; thus also allows such individuals the ability to access and comprehend store/shopping websites.

22. On February 19, 2016, the Plaintiff attempted to utilize the Defendant's website to view (with the intent of purchase) the clothing, accessories, shoes, home goods and toys available for purchase on/through the website. However, the Defendant's website did not integrate with Plaintiff's screen reader software so the Plaintiff could not use the website.

23. The Defendant's website contained (and still contains) a multitude of programing errors such that it is not compatible with screen reader software and therefore does not conform to the Web Content Accessibility Guidelines 2.0 ("WCAG 2.0").

24. Therefore, due to the Plaintiff's disability and the Defendant's failure to have the website adequately accessible to individuals with visual impairments, was

7

unable to comprehend the website and purchase any clothing, accessories, shoes, home goods or toys as he intended.

25. Thus, the Defendant has discriminated against Plaintiff on the basis of disability in the full and equal enjoyment of the services, facilities, privileges, advantages or accommodations through its website. Thus, Defendant (as a Public Accommodation) and its website (place of public accommodation) are in violation of 42 U.S.C. § 12182(a) and 28 C.F.R. § 36.201. The Defendant has failed to adequately program its website to accurately and sufficiently integrate with common commercially available screen reader software utilized by Plaintiff and others with visual disabilities.

26. As a result of the Defendant's discrimination, Plaintiff Gomez was unable to use the website, and suffered an injury in fact including loss of dignity, mental anguish, and other tangible injuries.

27. Plaintiff Gomez continues to desire to utilize the Defendant's website, but he is unable to do so as he is unable to comprehend the Defendant's website, thus he will continue to suffer irreparable injury from the Defendants' intentional acts, policies, and practices set forth herein unless enjoined by this Court.

28. The Defendant's website did\does not offer a point of contact or an "accessibility information page[2]" in order to permit a disabled person with visual impairment who requires screen reader software to comprehend Defendant's website in an effective manner.

---

[2] i) An area/page of the website dedicated to describing current accessibility available within the website for the disabled community,
ii) an area soliciting feedback wherein the disabled community can provide feedback to the web master (Public Accommodation/place of public accommodation) to improve/modify the website and correct any bugs or technical problems, and
iii) the ability for the disabled community to effectively and specifically communicate with the company (Public Accommodation/place of public accommodation).

8

29. The Defendant's website is\was not designed and programmed to interface with commercially available screen reader software for disabled individuals who are visually impaired in the same manner as the website is offered to the general public.

30. The Defendant's website is\was so poorly functional for visually impaired individuals who require screen reader software, that any utilization of the website contains barriers that prevent full and equal use (of the website) by individuals with disabilities who are visually impaired.

31. On information and belief, the Defendant has not designated an employee as a Web Accessibility Coordinator to insure full and equal use of its website by individuals with disabilities.

32. On information and belief, the Defendant has not adopted a Web Accessibility Policy to insure full and equal use of its website by individuals with disabilities.

33. On information and belief, the Defendant has not instituted a Web Accessibility Committee to insure full and equal use of its website by individuals with disabilities.

34. The Defendant's website does not meet the Web Content Accessibility Guidelines ("WCAG") 2.0 Basic Level of web accessibility[3].

35. Thus, the Defendant has not provided full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations provided by and through its website www.BurlingtonCoatFactory.com .

---

[3] developed by the Web Accessibility Initiative (WAI) working group of the World Wide Web Consortium which defined how to make Web content more accessible to people with disabilities (W3C)

36. On information and belief, the Defendant is aware of the access barriers within its website which prevent individuals with disabilities who are visually impaired from the means to comprehend the Defendant's inventory of clothing, accessories, shoes, home goods, and toys, and\or to purchase said items online from the Defendant.

37. Such barriers result in discriminatory and unequal treatment of individuals with disabilities who are visually impaired. Thus, the Defendant has refused to make its website accessible to individuals with disabilities who are visually impaired.

38. Enforcement of Plaintiff Gomez's rights is right and just pursuant to 28 U.S.C. §§2201, 2202.

39. Plaintiff has retained the law offices of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred.

**CLASS ACTION ALLEGATIONS**

40. Plaintiff Gomez brings this case as a class action pursuant to Federal Rule of Civil Procedure Rule 23, in that the class is so numerous that joinder of all members is impracticable, there are questions of law and fact common to the class [F.R.C.P. Rule 23(a)(1)], the claims and defenses of the representative party is typical of those of the class [F.R.C.P. Rule 23(a)(3)], and Plaintiff Gomez (as the representative party) will fairly and adequately protect the interests of the class [F.R.C.P Rule 23(a)(4)].

41. According to Statistic Brain Research Institute[4], in 2014, online sales in the United States exceeded $304 Billion U.S. Dollars. On average, 87% of Americans that have browsed online stores such as the Defendant's website, have made an internet

---

[4] US Commerce Department, Forrester Research date: October 9, 2014, See
http://www.statisticbrain.com/total-online-sales/

10

purchase, while 57% of Americans that have browsed online stores have made a purchase multiple times.

42. According to the National Federation for the Blind[5], there are over 5 million Americans with visual disabilities; over a half-million Americans with visual disabilities reside within the state of Florida.

43. Clearly, the Class of Others Similarly Situated to Plaintiff Gomez which is to be represented by Plaintiff Gomez is so numerous that a joinder of each individual member is impracticable; F.R.C.P. Rule 23(a)(1).

44. Plaintiff Gomez is a representative of the Class due to the fact that he suffers from a qualified disability, he is visually impaired and he requires screen reader software interface in order to comprehend and effectively communicate with public accommodations on the internet, such as the Defendant's website

45. The questions of law and fact relating to the representative Plaintiff are similar and common to the law and fact questions which would be raised by other members of the Class if they were individually named plaintiffs herein.

46. Similarly, the claims and defenses to be raised by and against the parties herein are typical of the claims or defenses which would be raised by the members of the Class if they were a party to this action.

47. The Plaintiff seeks injunctive relief for the implementation of the relief provide by the ADA which is the same relief which would be sought by each class member if he or she brought a claim individually.  Accordingly, Plaintiff Gomez (as the representative party for the Class) will fairly and adequately protect the interests of the Class.

---

[5] Statistics for 2012, see http://www.NFB.org/blindness-statistics

48. The relief sought herein is for the benefit of all members of the Class and consistent injunctive relief should be provided for each member of the Class.

49. Prosecution of this matter by individual members of the Class would only create a risk of inconsistent and varying adjudications and the establishment of incompatible standard by defendant and adjudication which may be dispositive of the interest of the other Class members.

50. The questions of law and fact common to the members of the Class, such as the degree of non-compliance, which will be raised and adjudicated herein, predominate over any questions affecting only the individual Plaintiff or individual members of the Class. As a result, this class action is the optimal method for reaching a fair and efficient adjudication of the controversy raised herein.

51. The Defendant has discriminated against Plaintiff Gomez and the members of the Class by denying effective communication through its website.

52. The Defendant has failed to provide any mechanism by which to adequately serve visually impaired individuals such as Plaintiff Gomez and others similarly situated. The Defendant is operating in violation of Plaintiffs' rights as protected by the ADA and is entitled to injunctive relief. 42 U.S.C. §12188.

53. Plaintiff Gomez and others similarly situated have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for declaratory judgment and injunctive relief is their only means to secure adequate redress from the Defendant's unlawful and discriminatory practices.

54. Plaintiff Gomez and others similarly situated will continue to suffer irreparable injury from Defendant's intentional acts, policies, and practices set forth herein unless enjoined by the court.

55. Notice to the Defendants is not required as a result of the Defendant's failure to cure the violations.

**COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

56. Plaintiff Gomez and others similarly situated re-allege and incorporate by reference the allegations set forth in ¶¶s 1 – 55 above

57. The Americans with Disabilities Act ("ADA") is landmark civil rights legislation that is the result of decades of advocacy to improve the lives and role in society of all persons with disabilities. The ADA was enacted and effective as of July 26, 1990. The ADA legislation has been protecting disabled persons from discrimination due to disabilities for over 25 years.

58. "Congress enacted the ADA in 1990 to remedy widespread discrimination against disabled individuals." PGA Tour, Inc. v. Martin, 532 U.S. 661, 674 (2001).

59. "After thoroughly investigating the problem, Congress concluded that there was a compelling need for a clear and comprehensive national mandate to eliminate discrimination against disabled individuals, and to integrate them into the economic and social mainstream of American life." PGA Tour, 532 U.S. at 675 (2001) (internal quotation marks omitted).

60. As a result of the inaccessibility of the Defendant's website and by the barriers to access in its website (when removal of those barriers is readily achievable), the Defendant has denied individuals with disabilities who are visually impaired full and

equal enjoyment of the information and services that the Defendant has made available to the general public in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq.

61.  Pursuant to 42 U.S.C. §12181(7)(E) & (F), the Defendant's website is a *place of public accommodation* under the ADA because it is a "sales or rental establishment" and is also an "other service establishment".  As such, the Defendant's website must be in compliance with the ADA.  However, the Defendant's website is\was not in compliance with the ADA.  Plaintiff Gomez suffered an injury in fact because of the Defendant's non-compliance.

62.  A sampling review of just part of the Defendant's website revealed that the website is not functional for users who are visually impaired, as follows:

| ID | Scenario | Issue Description | Assistive Technology | WCAG 2 Guideline |
|---|---|---|---|---|
| WEB_001 | Home Page | Coats, Deal of the Day, and Clearance buttons do not display visual focus. | Keyboard | 2.4 Navigable: Provide ways to help users navigate, find content, and determine where they are. |
| WEB_002 | Home Page | "Get on the list" label is not associated with the input field. | Screenreaders | 3.3 Input Assistance: Help users avoid and correct mistakes. |
| WEB_003 | Home Page | "Get on the list" form element does not have a submit button. | Screenreaders | 3.2 Predictable: Make Web pages appear and operate in predictable ways. |
| WEB_004 | Home Page | "Sign up for email list" dialog does not receive focus / get announced by screen reader. | Screenreaders | 2.4 Navigable: Provide ways to help users navigate, find content, and determine where they are. |
| WEB_005 | Home Page | "Sign up for email list" dialog is modal, but screen reader is still able to read content behind window. | Screenreaders | 4.1 Compatible: Maximize compatibility with current and future user agents, including assistive technologies. |
| WEB_006 | Home Page | "Cart" is not available in keyboard navigation of page. | Keyboard | 2.1 Keyboard Accessible: Make all functionality available from a keyboard. |

14

| WEB_007 | Product Page: Striped Tie | Additional images for the product do not have text alternatives. | Screenreaders | 1.1 Text Alternatives: Provide text alternatives for any non-text content so that it can be changed into other forms people need, such as large print, braille, speech, symbols or simpler language. |
|---|---|---|---|---|
| WEB_008 | Product Page: Striped Tie | The rating widget for the product does not have programmatic access when no rating exists. | Screenreaders | 4.1 Compatible: Maximize compatibility with current and future user agents, including assistive technologies. |
| WEB_009 | Product Page: Striped Tie | When user selects "Add to Cart" there is no notification that item has been added to the cart. | Screenreaders | 4.1 Compatible: Maximize compatibility with current and future user agents, including assistive technologies. |
| WEB_010 | Product Page: Striped Tie | Sizing charts are not marked up with table row / column headers. | Screenreaders | 1.3 Adaptable: Create content that can be presented in different ways (for example simpler layout) without losing information or structure. |
| WEB_011 | Product Page: Striped Tie | Sizing charts do not use headings to facilitate navigation. | Screenreaders | 1.3 Adaptable: Create content that can be presented in different ways (for example simpler layout) without losing information or structure. |
| WEB_012 | Home Page | Auto-Complete search results are not accessible from the keyboard. | Keyboard | 2.1 Keyboard Accessible: Make all functionality available from a keyboard. |
| WEB_013 | Product Page: Dress | When the user selects a size to order, there is no way to confirm which item is selected with screen reader. | Screenreaders | 4.1 Compatible: Maximize compatibility with current and future user agents, including assistive technologies. |
| WEB_014 | Cart Page | Color contrast for remove link does not meet contrast requirements. | N/A | 1.4 Distinguishable: Make it easier for users to see and hear content including separating foreground from background. |
| WEB_015 | Cart Page | Cart quantity input field does not have label associated. | Screenreaders | 3.3 Input Assistance: Help users avoid and correct mistakes. |
| WEB_016 | Checkout Page | Phone Extension field does not have label. | Screenreaders | 3.3 Input Assistance: Help users avoid and correct mistakes. |

15

| | | | | |
|---|---|---|---|---|
| WEB_017 | Checkout Page | Summary before checkout data is in a table causing confusion for screen reader user. | Screenreaders | 4.1 Compatible: Maximize compatibility with current and future user agents, including assistive technologies. |
| WEB_018 | Account Page | Credit card images are not labeled. | Screenreaders | 1.1 Text Alternatives: Provide text alternatives for any non-text content so that it can be changed into other forms people need, such as large print, braille, speech, symbols or simpler language. |
| WEB_019 | Account Page | Phone Number and Phone extensions are not labeled. | Screenreaders | 3.3 Input Assistance: Help users avoid and correct mistakes. |

63. More violations are present on other pages of the website, and they will be determined and proven through the discovery process.

64. The Defendant has violated the ADA (and continues to violate the ADA) by denying access to individuals with disabilities who are visually impaired and who require the assistance of interface with screen reader software to comprehend and access internet websites. These violations are ongoing.

65. As a result of the Defendant's wrongful conduct, Plaintiff Gomez and others similarly situated are entitled to injunctive relief pursuant to 42 U.S.C. 12133 to remedy the discrimination.

**INJUNCTIVE RELIEF**

66. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant the Plaintiff and others similarly situated injunctive relief; including an order to::

    a) Require Defendant Burlington Coat Factory Direct Corporation to adopt and implement a web accessibility policy to make publically available and directly link from the homepage of www.BurlingtonCoatFactory.com a

    statement as to the Defendant's policy to ensure persons with disabilities have full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations through its website, and

  b) Requiring that Defendant Burlington Coat Factory Direct Corporation Direct Corporation cease and desist discriminatory practices and if necessary to cease and desist operations its website and until the requisite modifications are made such that its website becomes equally accessible to persons with disabilities.

## ATTORNEYS' FEES AND COSTS

58. Plaintiff Andres Gomez has been obligated to retain the undersigned counsel for the filing and prosecution of this action. The Plaintiff and others similarly situated are entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant Burlington Coat Factory Direct Corporation.

WHEREFORE, Plaintiff Andres Gomez on his own behalf and on behalf of all other Individuals Others Similarly Situated hereby demands judgment against Defendant Burlington Coat Factory Direct Corporation and request the following injunctive and declaratory relief:

  A. The Court issue a declaratory judgment that Defendant Burlington Coat Factory Direct Corporation has violated Plaintiffs' rights as guarantee by the ADA;

  B. The Court enter an Order granting temporary, preliminary and permanent injunction prohibiting Defendant Burlington Coat Factory Direct

    Corporation from operating its website without adequate accommodation for the visually impaired community;

C.   The Court enter an Order requiring Defendant Burlington Coat Factory Direct Corporation to update its website www.BurlingtonCoatFactory.com to remove barriers in order that individuals with visual disabilities can access the website to the full extent required by the Title III of the ADA.

D.   The Court to enter an order requiring Defendant Burlington Coat Factory Direct Corporation to provide ongoing support for web accessibility by implementing a website accessibility coordinator, a website application accessibility policy, and providing for website accessibility feedback to insure compliance thereto.

E.   The Court enter an Order directing Defendant Burlington Coat Factory Direct Corporation to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures to its website's online inventory.

F.   The Court award reasonable attorney's fees, compensatory damages, all costs (including, but not limited to court costs and any expert fees), and other expenses of suit, to the Plaintiffs; and

G.   That the Court award such other and further relief as it deems necessary, just and proper.

H.   Award compensatory damages including but not limited to mental anguish, loss of dignity, and any other intangible injuries

Dated this 10th day of March 2016.

        Respectfully submitted,

        *s/Scott R. Dinin*
        Scott R. Dinin, Esq.
        Scott R. Dinin, P.A.
        4200 NW 7th Avenue
        Miami, Florida 33127
        Tel: (786) 431-1333
        inbox@dininlaw.com
        *Counsel for Plaintiff*